United States District Court
Southern District of Texas

**ENTERED**
March 08, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| VEM VIM YENOVKIAN, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 6:21-CV-00038 |
| | § | |
| JASMINE AKBARALI, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO DISMISS CASE FOR FAILURE TO PROSECUTE**

Plaintiff Vem Vim Yenovkian, appearing *pro se*, has filed this civil lawsuit. For the reasons set forth below, the undersigned respectfully recommends that this case be **DISMISSED** without prejudice for failure to prosecute.

## I.     BACKGROUND

On July 19, 2021, Plaintiff filed this lawsuit in the Corpus Christi Division of the Southern District of Texas. Plaintiff's allegations in his original complaint include requests for: (1) criminal charges against Canadian judges; (2) undoing Canadian court decisions; (3) banning people from coming into the United States; (4) requiring the government of Canada to print an apology in every major Canadian newspaper; (5) having the United States government pressure Canada to change how they select judges; and (6) referral to the International Criminal Court. Plaintiff's complaint merely asserts legal conclusions and fails to clearly include any factual allegations relevant to any civil remedy under the

law. It also fails to address why jurisdiction would be proper in the Southern District of Texas. Further, it is unclear what relief Plaintiff actually seeks and by what legal mechanism. It should also be noted that Plaintiff recently filed a similar lawsuit in the Southern District of California that was dismissed for lack of subject-matter jurisdiction. (*Yenovkian v. Gulian*, 2021WL2038319, S.D. Cal. 2021).

On August 18, 2021, the Court directed Plaintiff to file an Amended Complaint. (D.E. 3). On September 13, 2021, October 6, 2021, and November 29, 2021, Plaintiff asked for extensions of time to file the Amended Complaint.  (D.E.s 4, 6, & 8).  The Plaintiff's last extension was granted by this Court and the Amended Complaint was due no later than January 31, 2022. (D.E. 9).  Plaintiff was warned that failure to comply with the Court's Order in a timely manner may result in his case being dismissed for want of prosecution and for failure to comply with Court orders. (D.E. 9).

Plaintiff did not file an Amended Complaint as directed by the Court.  On February 8, 2022, the undersigned issued a Show Cause Order directing Plaintiff to show cause no later than February 28, 2022 why Plaintiff has not complied with the Court's Order to file an Amended Complaint.  (D.E. 10).  Plaintiff was warned that failure to comply with the Order will result in dismissal of the lawsuit.  (D.E. 10).

## II.    DISCUSSION

Plaintiff has not had any contact with the Court since he filed his November 29, 2021 motion for an extension of time.  (D.E. 8).  In addition, Plaintiff has not responded to

the Court's Orders directing that he file an Amended Complaint and Show Cause Order. (D.E.s 9 & 10).

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order.  Fed. R. Civ. P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute).  Plaintiff was advised in the December 2, 2021 and February 8, 2022 Orders that this action may be dismissed should he fails to comply with the Court's Orders.  (D.E.s 9 & 10).  Plaintiff has failed to comply, and it is apparent that he has abandoned this lawsuit.  The Court, therefore, cannot proceed with Plaintiff's case if he is not willing to participate as a litigant.  Accordingly, dismissal is warranted under these circumstances.

## III.  DISCUSSION

Accordingly, it is respectfully recommended that Plaintiff's lawsuit be **DISMISSED** under Rule 41(b) for failure to prosecute this action.

Respectfully recommended on March 8, 2022.

 

 

Julie K. Hampton
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).